OPINION of the Court, by
Ch. J. Boylf..
Richard Morris in his lifetime conveyed by deed to his son, Maurice Morris, his estate, real and personal, i'he conveyance purports to be made For the sole use and benefit of Maurice Morris, and for and in consideration that lie had for some time past supported and maintained Richard, and had on the same day given his bond to Richard to maintain and support him during his natural life. After the death of Richard Morris, the appellees, who were the children of John Morris, deceased, and grand children of Kichatd, exhibited their bill against Maurice Morris, asserting their right to a moiety of the estate so conveyed under an. agreement which they allege Maurice had entered into with Richard at the same time he received the conveyance, to execute a bond and deliver it to Thomas M'Cl.tnna-¡híin, sen. conditioned for the conveyance of one half of the estate to them, who were at that time all infants.
Maurice Morris in his answer admits that RiciurJ Morris conveyed to him his estate, but asserts that ft was upon no other consideration, and for no other use or purpose, than those which are expressed in the deed ; and he positively denies that he ever agreed to execute a bond to convey any part of the estate to the appellees.
The evidence in support of the appellees’ claim, consists of the declarations and confessions of Maurice Morris. Such evidence, in cases where it is admisible, is of the most unsatisfactory kind on account of the facility with which it may be fabricated, and the difficulty of disproving it when false. But in this case it is inadmissible ; parol evidence is sometimes admitted to explain, but never to contradict or substantially'vary the terms of a written agreement. If indeed, any thing not comporting with the intention of the parties has been emitted, (a) or inserted through fraud or mistake, pa- *312 rol*' ahd'extrinsi'c evidence is admissible fur the purpdsg making the correction and affording relief; but in such case if. is an indispensable ft quisite, that the fraud or mistake shoui 1 be charged. In th’c '.>sa there is no allegation, charging that either •>. ", • -,i í;eu 1 or nrs-take, the terms of the deed • e./r.-. _■ \ ■ ¡e \ a.i.'.nt from what the p ⅞ iu'm, ' ’ I’d. deed «her.¡ore must he presumed In e:;-iv . f ,’v ‘ >- i r mb>u < Í due parties, and parol evi , . (b) cat lotted to aj-jj to or subtract ír.uo u, t • -...re- or contract . . , , ,J sts operation.- — Decree r.'vu<.U) \ ,Ui costs.

 Vide Garten & ux. vs. Chanaler, ante 246.

 Query vs. White, vol, 1, 271.